COMMONWEALTH vs. THOMAS SPERRAZZA
(and a companion case).

Norfolk. Suffolk. November 7, 1988. — January 24, 1989.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Witness*, Immunity. *Homicide*. *Practice, Criminal*, Dismissal.

In the circumstances of a murder case in which a motion for new trial was granted upon a ruling that the defendant's confession should have been excluded from evidence, the defendant's inculpatory preindictment statements to his former attorney, offered through the attorney's testimony at the first trial at a hearing on the issue of the voluntariness of the defendant's confession, were not admissible at retrial on the issue of guilt. [20-21]

In a murder case, double jeopardy principles did not bar a new trial, granted upon a ruling that the defendant's confession should have been excluded from evidence, where there had been sufficient admissible evidence to warrant the defendant's conviction at the first trial. [21-22]

INDICTMENT found and returned in the Superior Court Department on August 4, 1981.

After an order allowing the defendant's motion for a new trial was affirmed by this court, 399 Mass. 1001 (1987), further proceedings were had in the Superior Court Department before *Robert S. Prince*, J.

An application for leave to prosecute an interlocutory appeal from the denial of a motion to suppress evidence was allowed by *Lynch*, J., in the Supreme Judicial Court for the county of Suffolk.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 9, 1988.

The two matters were consolidated by *Lynch*, J., and were reported by him.

*Robert L. Sheketoff* for the defendant.

*Stephanie Martin Glennon*, Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. In 1982, Sperrazza (defendant) was tried before a jury and convicted of the murder in the first degree of John Stokes, a fellow inmate at the Massachusetts Correctional Institution, Cedar Junction (then Walpole). The defendant was sentenced to life in prison, to be served from and after consecutive life sentences he was then serving. The defendant moved for a new trial on the ground that the judge had erred in admitting the defendant's confession as evidence after finding it voluntary by a preponderance of evidence rather than voluntary beyond a reasonable doubt. The judge ruled that the confession was not voluntary beyond a reasonable doubt, excluded the confession, and granted a new trial. We affirmed this order. 399 Mass. 1001 (1987).

The defendant then, prior to the retrial, filed a motion to suppress preindictment statements made to his former attorney about Stokes's murder, and a motion to dismiss on double jeopardy grounds. A Superior Court judge denied both motions. The defendant filed, in the Supreme Judicial Court, an application for leave to appeal the denial of the motion to suppress, and a complaint under G. L. c. 211, § 3 (1986 ed.), seeking review of the denial of the motion to dismiss. A single justice issued an order consolidating the two matters, allowing the application for interlocutory review, and reserving and reporting both to the full court.

As to his motion to suppress, the defendant argues that his statements to his attorney, offered through his attorney at a midtrial voir dire hearing on the voluntariness of his confession, are inadmissible in the Commonwealth's case-in-chief on retrial. We conclude that, in the circumstances of this case, the attorney's testimony on voir dire may not thereafter be admitted against the defendant on the issue of guilt. The attorney's testimony demonstrated the defendant's alleged belief that he had received immunity for Stokes's murder, and included personal knowledge of the attorney concerning the issue of immunity, as well as inculpatory admissions that the defendant had made to his attorney. Compare the principles concerning a defendant's own testimony on such a motion as established in *Commonwealth* v. *Curtis*, 388 Mass. 637, 647 (1983), quoting

*Simmons* v. *United States*, 390 U.S. 377, 394 (1968). The motion to suppress the defendant's attorney's statements, offered at voir dire to prove the involuntariness of the defendant's confession, should have been allowed. We need not and do not decide whether, in some other circumstances, a defendant might be considered to have waived his rights as to the admission of his attorney's testimony on the issue of guilt.

As to his motion to dismiss the indictment, the defendant argues that the Superior Court judge erroneously denied his motion to dismiss on double jeopardy grounds, because, according to the defendant, there was insufficient evidence at the first trial, apart from his confession, to warrant a guilty verdict. The Commonwealth's case, apart from the defendant's confession which must be excluded on retrial, suggested that the defendant approached the victim in the prison recreation room and talked to him for less than one minute. The victim then left the room, met the defendant, and went to the victim's cell. The two met another inmate and the three men went into the victim's cell for about ten minutes. The defendant left first, followed by the third inmate who left about three minutes later. The victim was found on his bed, with at least fifty-seven stab wounds. Testimony suggested that blood on the cell floor had been wiped up. The medical examiner concluded that the victim's multiple stab wounds had been produced by different instruments. Weapons consistent with those used to inflict the wounds were found in the prison yard. We conclude that this evidence, if offered at a retrial of the indictment, will be sufficient to take the case to a jury even without the defendant's confession. Cf. *Commonwealth* v. *Campbell*, 378 Mass. 680, 688-690 (1979).

Furthermore, dismissal is not now warranted. It would be premature to assume that the prosecution, on retrial, will not rely on evidence that has developed since the trial, or evidence that it elected not to pursue at the defendant's first trial. *Commonwealth* v. *Brouillet*, 389 Mass. 605, 608-609 (1983). *Commonwealth* v. *Taylor*, 383 Mass. 272, 283 (1981).

The defendant's motion to suppress is to be allowed in the Superior Court. With respect to the defendant's motion to dismiss the indictment, a judgment is to be entered in the Supreme Judicial Court for the county of Suffolk denying relief under G. L. c. 211, § 3.

*So ordered.*